UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. MOSES, Jr., CDCR #K-65174,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA, et al.,<br><br>Defendants. | Civil No.   15-cv-01793 BEN (RBB)<br><br>**ORDER:**<br><br>**(1) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL AS BARRED BY 28 U.S.C. § 1915(g)**<br>**[ECF Doc. Nos. 2, 3]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff Charles E. Moses, Jr., currently incarcerated at California Medical Facility in Vacaville, California, and proceeding pro, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff claims the U.S. District Court for the Southern District of California violated his right to due process by denying his motion to appoint counsel and dismissing his writ of habeas corpus pursuant to 28 U.S.C. § 2254 in *Moses v. Beard*, No. 12-cv-1003-MMA (JMA) (S.D. Cal. May 21, 2014). (Compl. at 2-3, Exs. A-C.)

-1-

Plaintiff has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2), as well as a Motion for Appointment of Counsel (Doc. No. 3).

## I.

## MOTION TO PROCEED IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule."). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to

state a claim," *King*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II.
### APPLICATION TO PLAINTIFF

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, Charles Moses, Jr., CDCR #K-65174, while incarcerated, has brought more than three prior civil actions and appeals in federal court which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Moses v. Krause*, Civil Case No. 3:11-cv-00169-MMA-PCL (S.D. Cal. March 18, 2011) (Order Dismissing First Amended Complaint for Failing to State a

1  Claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)) (Doc. No. 6) (strike one);

2) *Moses v. White*, Civil Case No. 3:12-cv-0073-JLS-BGS (S.D. Cal. March 19, 2012) (Order Granting Motion to Proceed IFP and Dismissing Action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)) (Doc. No. 5) (strike two);

3) *Moses v. Superior Court of San Diego*, Civil Case No. 3:12-cv-0937-AJB-JMA (S.D. Cal. June 21, 2012) (Order Dismissing Civil Action as Frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and Denying Motion to Proceed IFP as Moot) (Doc. No. 4) (strike three); and

4) *Moses v. White*, Civil Case No. 3:13-cv-02610-LAB-MDD (S.D. Cal. Nov. 12, 2013) (Order Dismissing Civil Action as Frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and Denying Motion to Proceed IFP as Moot (Doc. No. 4); (Dec. 20, 2013 Order Denying Motion for Reconsideration) (Doc. No. 13); and (April 7, 2014 Mandate of the USCA Dismissing Appeal for Lack of Jurisdiction) (Doc. No. 19) (strike four).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than the three strikes permitted pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

In addition, Plaintiff's Motion to Appoint Counsel (Doc. No. 3) depends upon his IFP status. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). The decision to request counsel pursuant to § 1915(e)(1) first requires that the plaintiff has been determined eligible

to proceed pursuant to the IFP statute due to his indigency, is within "the sound discretion of the trial court[,] and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). As Plaintiff has not been afforded IFP status, he is not entitled to appointment of counsel.

## III.
### CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

(1) **DENIES** Plaintiff's Motions to Proceed IFP and to Appoint Counsel (Doc. Nos. 2, 3) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action *sua sponte* without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a); and

(3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: November 19, 2015

HON. ROGER T. BENITEZ
United States District Judge